EDMUND LABATT *v.* WILLIAM GRUNEWALD ET AL.

BOGDANSKI, SPEZIALE, PETERS, HEALEY and PARSKEY, Js.

Argued June 4—decision released August 19, 1980

*Wesley W. Horton,* with whom, on the brief, were *William R. Moller* and *Peter A. Litwin,* for the appellant (plaintiff).

*Terence D. Mariani,* for the appellees (defendants).

ARTHUR H. HEALEY, J. The plaintiff brought this negligence action to recover damages for personal injuries he sustained when he fell on a sidewalk allegedly under the control of the defendants. The defendants denied the material allegations of the plaintiff's complaint and filed a special defense in which they claimed that the plaintiff's injuries were caused by his own negligence. The jury were instructed on the doctrine of comparative negligence; see General Statutes § 52-572h; and returned a verdict for the defendants. From the judgment rendered the plaintiff has appealed, claiming error in the court's denial of his motion to set aside the verdict on the ground that the jury were hopelessly confused concerning the doctrine of comparative negligence. We agree with the plaintiff and order a new trial.

At the conclusion of the case, the court instructed the jury on the law of comparative negligence. At no time was any exception taken by either party to the court's instructions to the jury on this subject. After deliberating, the jury returned a verdict that stated: "The jury finds the issues for the defendants William Grunewald and Robert Gillespie. 'We feel both parties are equally responsible.'" Although this verdict was initially accepted by the court, after conferring with counsel, the court vacated the verdict, summoned the jury, and recharged them on the law of comparative negli-

gence.[1] In that charge,[2] the court made it clear to the jury that if they were to find that each party was equally negligent they "must come in with a plaintiff's verdict, and the plaintiff [would be] entitled to fifty percent of the damages" they would find to be proven. The jury were likewise instructed that if they were to find that the plaintiff's negligence was fifty-one percent or greater then they would be obliged to render a verdict for the defend-

[1] A verdict must not only be intelligible, it must be capable of supporting a judgment. See *Barnett Motor Transportation Co.* v. *Cummins Diesel Engines of Connecticut, Inc.*, 162 Conn. 59, 67, 291 A.2d 234 (1971); *Ferris* v. *Hotel Pick Arms, Inc.*, 147 Conn. 72, 74, 157 A.2d 106 (1959). The verdict rendered, although intelligible, clearly could not have supported a judgment for the defendants in view of its patent inconsistency as a matter of law. The supervision which a presiding judge has over a verdict that may be rendered is an essential part of the jury system. See *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 224, 84 A. 928 (1912). That supervision tends to make jurors more careful in reaching their conclusion. See *Cruz* v. *Drezek*, 175 Conn. 230, 242, 397 A.2d 1335 (1978). The court's decision to vacate the verdict was a proper exercise of that supervisory power.

[2] "The Court: . . . Now, ladies and gentlemen, the problem with comparative negligence, it's a new concept, and I think there might have been a misunderstanding on your verdict, so I want to explain it to you, and then I want you to go back and let us know what you will do.

"The law is in comparative negligence, if you find both sides equally responsible, that means that each is fifty percent negligent. If you find that it is fifty percent, then you must come in with a plaintiff's verdict, and the plaintiff is entitled to fifty percent of the damages which you find. Now, if you find that the plaintiff is fifty-one percent or more responsible, then you come in with a defendant's verdict, but if the plaintiff is fifty percent negligent or less, then you must write in on the plaintiff's form that percentage. It's got to be either fifty, forty-nine, forty-eight, all the way down to one percent. But if you find its equally — they are equally responsible, we take that to mean fifty-fifty. So, I think what I'm going to ask you to do is to go back into the deliberating room, and you will have to decide — redecide your decision."

ants.[3] At the conclusion of this additional instruction the court asked the jury: "Do you understand?" to which they responded: "No."

The court then, in the absence of the jury, discussed the matter with counsel and thereafter summoned the jury and reinstructed them on the law of comparative negligence.[4] After additional deliberation, the jury returned a verdict for the defendants. Before accepting the verdict,[5] the court, through the clerk, directed the following question to each of the jurors: "[D]id you find the plaintiff fifty-one percent or more negligent, or did you find the plaintiff fifty percent or less negligent?" Each of the six jurors then responded by saying: "Fifty

[3] Although technically the plaintiff's negligence would only have to exceed fifty percent in order for the defendant to prevail, this instruction was a substantially correct statement of the operation of General Statutes § 52-572h which provides in part: "(a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering.

(b) In any action to which this section is applicable, the instructions to the jury given by the court shall include an explanation of the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party."

[4] The plaintiff's counsel took exception to the court's decision to reinstruct the jury on the ground that a verdict had previously been rendered in which the jury had stated its conclusion that the parties were equally at fault. At that time he also sought to have the jury indicate, by interrogatory or in the verdict form, the exact percentage of negligence they attributed to the plaintiff. The defendant's counsel stated: "I think what has happened here is the jury has misunderstood the charge . . . and I think your charge hopefully will straighten out the question of comparative negligence." The court declined to grant the plaintiff's motions at that time.

[5] Defense counsel pressed the court to accept the verdict and the plaintiff's counsel renewed his request to have the jury indicate the percentage of negligence they attributed to the plaintiff.

or less." Defense counsel then stated: "I think the jury is confused." After some discussion with counsel, the court presented to the jury an interrogatory that read: "[I]f you find that both the plaintiff and the defendants were negligent, what percent do you find the plaintiff negligent? What percent do you find the defendant negligent?" The court informed the jury that the total of the percentages had to be one hundred percent. To this interrogatory the jury later responded in writing: "Your Honor, none of the [members of the] jury feels that anyone was negligent in this case. This being the case, it is impossible for us to complete this interrogatory form."

The plaintiff then made an oral motion seeking to have the court declare a mistrial in view of the inconsistencies in the verdicts. The court denied this motion and proceeded to poll the jury and to accept the verdict for the defendants. Thereafter, the plaintiff filed a motion to set aside the verdict, which the court denied.

In reviewing a trial court's action on a motion to set aside a verdict, the question is whether the trial court clearly abused its discretion. See *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978); *Bansak* v. *Pawelczyk,* 173 Conn. 520, 521, 378 A.2d 569 (1977); *Spiess* v. *Traversa,* 172 Conn. 525, 528, 375 A.2d 1007 (1977). Although the trial court's decision in this regard is entitled to great weight; *Mansfield* v. *New Haven,* 174 Conn. 373, 375, 387 A.2d 699 (1978); *Murphy* v. *Soracco,* 174 Conn. 165, 169, 383 A.2d 1350 (1978); where it is clear that the jury could not reasonably and logically have reached the conclusion they did, the court's refusal to set aside the verdict rendered will

not be sustained. See *Rosenblatt* v. *Berman,* 143 Conn. 31, 37–39, 119 A.2d 118 (1955); cf. *Levitz* v. *Jewish Home for the Aged, Inc.,* 156 Conn. 193, 198, 239 A.2d 490 (1968) (trial court's decision to set aside verdict sustained where jury could not reasonably and logically have concluded as they did); *Brooks* v. *Singer,* 147 Conn. 719, 720, 158 A.2d 745 (1960).

In this case, the jury's confusion regarding the law of comparative negligence is apparent. In their first verdict for the defendants they stated their belief that the parties were "equally responsible" for the plaintiff's injuries. Such a conclusion would have required a verdict for the plaintiff under the court's instructions and the law of this state. See General Statutes § 52-572h. Under the circumstances, it can hardly be presumed that the jury followed the instructions on the law. See *State* v. *Bausman,* 162 Conn. 308, 314, 294 A.2d 312 (1972); *State* v. *Smith,* 156 Conn. 378, 383, 242 A.2d 763 (1968). After receiving another charge on comparative negligence, the jury informed the judge that they still did not understand the application of that rule of law. When they returned with their final verdict, after reinstruction, each member responded to the court's oral question in a manner inconsistent with the court's instruction and the verdict they had rendered. To the court's written interrogatory the jury again responded in a manner inconsistent with their own earlier statement that the parties were "equally responsible" for the plaintiff's injuries.

Where it is clear that the jury were confused and that the verdict rendered is illogical and unreasonable in light of the instructions given; *Rosenblatt*

v. *Berman,* supra; the evidence presented; *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750 (1959); or the interrogatories addressed; *O'Brien* v. *Connecticut Co.,* 97 Conn. 419, 422–23, 117 A. 498 (1922); the trial court is obliged to set the verdict aside. See *Silvester* v. *Kerelejza,* 158 Conn. 433, 437, 262 A.2d 157 (1969); *Bottaro* v. *Schoenborn,* 157 Conn. 194, 197, 251 A.2d 79 (1968).

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.