STATE OF CONNECTICUT *v.* THEODORE LENCZYK
(2007)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued January 3—decision released February 14, 1984

*August J. Fusco III,* for the appellant (defendant).

*Linda N. Knight,* deputy assistant state's attorney, with whom, on the brief, was *John F. Cocheo,* assistant state's attorney, for the appellee (state).

PER CURIAM. At the conclusion of a jury trial in the Superior Court in the fifteenth geographical area, the defendant was found guilty of larceny in the second degree by receiving stolen property in violation of General Statutes §§ 53a-123 (a) (2) and 53a-119 (8). The sole issue raised on appeal[1] is whether the trial court's jury instruction unconstitutionally relieved the state of its burden of proof on the issue of criminal intent. A full recitation of the facts is, therefore, not necessary and only those facts pertinent to the issue will be discussed.

At the trial the evidence was undisputed that on the morning of July 10, 1980, the defendant sold scrap aluminum weighing approximately three tons to Samuel Rome Company for $1740, that on the same morning Samuel Rome Company sold the aluminum to Suisman

---

[1] This appeal, originally filed in the Supreme Court, was, upon motion by the state, transferred to the Appellate Session of the Superior Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

and Blumenthal, and that the aluminum was the property of National Welding Company and had been taken from its property. There was also evidence to show that the defendant gave the name of Frasse Co. when accepting a receipt for the aluminum, although he had never been associated with that company. The defendant testified in his own behalf that he found the aluminum on the evening of July 9, 1980, stockpiled on the owner's premises. He said he took the aluminum because he thought it had been abandoned.

The defendant challenges the judge's instructions to the jury on intent and on proof beyond a reasonable doubt. In support of his claim he attacks the charge piecemeal. We, however, view the charge in its entirety since the adequacy of instructions must be determined in light of their overall impact on the jury. *State* v. *Truppi,* 182 Conn. 449, 458, 438 A.2d 712 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981).

The challenged portion of the instructions reads as follows: "You, the jury, have the right to infer from the evidence whether a reasonable man would have known or believed, under all the circumstances, that the pile of aluminum had probably been stolen.

"Knowledge or belief that the aluminum was stolen may be inferred by you if the circumstances were such that a reasonable man of honest intentions would have come to that conclusion. This is what is known as a reasonable man test. You are entitled to make your determination of knowledge or belief on the basis of what a reasonable man of honest intentions would know or believe under the facts of the case.

"The state has provided you with evidence as to the weight, newness, quantity and the value of the aluminum as well as evidence of location and time of day.

The state claims that a reasonable person of honest intentions would know or believe that such a quantity of aluminum had probably been stolen.

"This is a case, of course, of where the credibility of witnesses is extremely important. *It is for you to judge whether to believe the testimony of the defendant and his witnesses that he did not have the knowledge or belief that the aluminum was probably stolen or whether you disbelieve him and infer from the surrounding circumstances that a reasonable man with honest intentions should have known or believed that the aluminum was probably stolen."* (Emphasis added.)

The essential fact to be proved by the state was a simple one, to wit, that the defendant knew he was disposing of stolen scrap aluminum. *State* v. *Weiner*, 84 Conn. 411, 413, 80 A. 198 (1911). The defendant contends that the "reasonable man test" effectively relieved the state of its burden of proof by encouraging the jury to presume guilty knowledge based upon what the jury found would induce belief in the mind of a "reasonable man" rather than upon what they found induced belief in the defendant's mind. The state counters that the charge must be viewed in the context of the emphasized portion of the charge: *"It is for you to judge whether to believe the testimony of the defendant and his witnesses that he did not have knowledge or belief that the aluminum was probably stolen or whether you disbelieve him and infer from the surrounding circumstances that a reasonable man with honest intentions should have known or believed that the aluminum was probably stolen."* (Emphasis added.) The overall charge, the state claims, merely instructs the jury that they are permitted to infer intent from all the facts and circumstances.

We read the challenged instruction as it is read by the state, and conclude that it did not direct the jury

in a manner that relieved the state of its burden of proving the defendant's criminal intent. We reject the defendant's suggestion that we transmogrify an isolated portion of the charge into an unconstitutional presumption. A single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. *State* v. *Truppi,* supra; *State* v. *Harrison,* 178 Conn. 689, 693, 425 A.2d 111 (1979).

Contrary to the defendant's assertion, the judge in his instructions made it abundantly clear that it was not sufficient that the jury find that, as a reasonable person, the defendant ought to have known that the aluminum was probably stolen or that he ought to have ascertained whether it was stolen. When the charge is read in its entirety, it is quite clear that the judge adequately instructed the jury that the state was required to prove beyond a reasonable doubt that the defendant had actual knowledge that the aluminum was stolen, and that if the state failed to prove actual knowledge by the requisite degree of proof, the jury was obligated to find the defendant not guilty.[2] *State* v. *Newman,* 127 Conn. 398, 401, 17 A.2d 774 (1940).

Viewed as a whole, the judge's charge to the jury made it clear that it was the jury's duty to determine whether the state had met its burden on every element of the crime charged beyond a reasonable doubt. Read as a whole, the challenged instruction merely describes a permissive inference.

We find no prejudicial error in the claims advanced on appeal. Considered as part of the entire charge in the context of this case, the challenged instruction could

---

[2] A further portion of the charge to the jury reads: "The defendant must know or believe that the property had probably been stolen. An error of judgment in failing to realize the stolen character of goods is not the equivalent of guilty knowledge. Also, there must be more than mere suspicion or conjecture that the goods were stolen. Actual knowledge or belief that the property has probably been stolen is necessary."

not reasonably have been understood by the jury as shifting the burden of proof from the state or as creating a constitutionally impermissible presumption. Cases such as *Turcio* v. *Manson,* 186 Conn. 1, 6–7, 439 A.2d 437 (1982); *State* v. *Johnson,* 185 Conn. 163, 166–73, 440 A.2d 858 (1981), aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983); *State* v. *Harrison,* supra, 695–99, striking down trial court jury instructions on the issue of criminal intent are clearly distinguishable since those cases presented actual presumptions of either a conclusive or persuasion-shifting variety. See *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979); *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Morissette* v. *United States,* 342 U.S. 246, 72 S. Ct. 240, 96 L. Ed. 288 (1952). In contrast, the challenged instruction here does not establish a presumption at all, much less a conclusive or burden-shifting presumption that relieved the state of its burden of proving criminal intent.

The trial court refused to include in its charge the following instructions: "It is not sufficient for the defendant to be found guilty if you conclude that the defendant exercised poor judgment when he acquired the property or that he was careless and should have suspected that the property was stolen under the circumstances. Negligence, no matter how great, is not enough to constitute this crime. There must have been an actual belief in the defendant's mind that the property was probably stolen."

We agree that a defendant in a criminal case is entitled to have the jury consider any legally recognized defense which has some foundation in the evidence, however tenuous. In the present case there is no evidentiary foundation whatever to support the requested instruction.

There is no error.