LAWRENCE CARFORA *v.* GLOBE, INC., ET AL.
(2876)

SPALLONE, DALY and BIELUCH, Js.

Argued October 9—decision released November 26, 1985

*William F. Gallagher,* with whom were *William C. Turney* and, on the brief, *Robert J. Gillooly* and *Charles R. Douthat,* for the appellants-appellees (defendants).

*Charles Sherwood,* with whom was *Joseph R. Mirrione,* for the appellee-appellant (plaintiff).

SPALLONE, J. The defendants are appealing from the judgment of the court rendered after a jury verdict and after the court's denial of the defendants' post-trial motions to set aside the verdict and to render judgment pursuant to Practice Book § 321. The plaintiff has cross appealed.

The defendants claim as error (1) that the evidence presented at trial was insufficient to sustain the verdict for the plaintiff, (2) that the court's charge to the jury and its recharge were deficient in their explanation of the scope of the duty owed by the defendants to the plaintiff, a licensee, and (3) that the court failed to set aside the verdict in the amount of $195,000 as excessive.

The plaintiff's cross appeal claims error in the court's failure to submit the question of whether the plaintiff was a business invitee or a licensee to the jury for determination and in the court's failure to charge the jury that it was their function to determine whether the defendants had constructive notice of the plaintiff's presence on the premises. At oral argument, counsel for the defendants declared that the defendants had abandoned their third claim that the verdict was excessive.

The evidence produced at the trial indicates that the jury reasonably could have found the following facts:

On November 28, 1974, the plaintiff, while on duty as a New Haven police officer, was patrolling an area which included the premises in which the defendant, Globe, Inc., operated a new and used car dealership. The other defendants had various interests in the subject property. Pursuant to specific instructions, the plaintiff was required to give special attention to the defendants' property because the property had been subject to a substantial number of break-ins and to a considerable amount of theft. The defendants' agents and one of the individual defendants had made numerous requests that the police give special attention to the subject premises.

While about to exit from his patrol car to make his second or third check of the defendants' premises that evening, the plaintiff heard the defendants' burglar alarm sound. Anticipating the possibility of a burglary in process, the plaintiff called for a police backup, left his cruiser and proceeded to check the premises on foot. While doing so, the plaintiff slipped and fell, thereby injuring himself. The plaintiff continued his investigation of the premises and thereafter, along with the backup officer, discovered two ice-covered areas at the site he identified as the location of his fall. It was not raining at the time and there was no other ice on the premises. The area of the fall was unlighted. Security lights located on the building were not turned on. The plaintiff's injuries were treated, but he was never able to return to regular duty on a consistent basis. Subsequently, the plaintiff was required to accept involuntary retirement. The plaintiff's underlying suit claimed negligence on the part of the defendants. After a jury trial, the plaintiff was awarded a verdict in the amount of $195,000.

The substance of the defendants' first claim of error attacks the verdict on the basis that there was insufficient evidence that the defendants had notice of the

defect, and that the evidence could not sustain a finding that the defendants breached a duty of care owed to the plaintiff as a licensee. We see no merit to this claim. Our review of the record, transcripts and briefs indicates that there was more than ample evidence presented to sustain the jury's verdict. Whether such evidence is sufficient is a question for the jury to decide. *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983). The judge decides whether there is any evidence to support the verdict. *Berndston* v. *Annino,* 177 Conn. 41, 43–44, 411 A.2d 36 (1979). It is also within the province of the jury to determine the credibility and the effect to be given the testimony. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981); *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979); *Eagar* v. *Barron,* 2 Conn. App. 468, 471, 480 A.2d 576 (1984). Moreover, it is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from facts proven. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 540, 368 A.2d 125 (1976). The jury decides questions of fact. *Gaulton* v. *Reno Paint & Wallpaper Co.,* 177 Conn. 121, 127, 412 A.2d 311 (1979). It may accept or reject the testimony of any witness; *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 608, 419 A.2d 339 (1979); and determine the weight to be given the evidence. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). The verdict must stand unless it is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality. *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872 (1956); *Preisner* v. *Illman,* 1 Conn. App. 264, 268, 470 A.2d 1237 (1984). We see nothing in this appeal to justify a finding of error based upon insufficiency of the evidence.

The defendants also contend that the charge and the recharge were defective in that they did not adequately explain to the jury the scope of the duty owed a licensee. We disagree. In determining whether the trial court erred in its charge, the charge must be read as a whole and the instructions claimed to be in error read in that context. *Giglio* v. *Hamilton Heights, Inc.,* 1 Conn. App. 165, 167, 469 A.2d 416 (1984), citing *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 704, 462 A.2d 376 (1983). Jury instructions need not be exhaustive, perfect or technically accurate so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury. *State* v. *Storlazzi,* 191 Conn. 453, 464, 464 A.2d 829 (1983); *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664 (1953); *State* v. *Heinz,* 1 Conn. App. 540, 549, 473 A.2d 1242 (1984). The adequacy of the instructions must be determined in the light of their overall impact on the jury. *State* v. *Truppi,* 182 Conn. 449, 458, 438 A.2d 712 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981); *State* v. *Lenczyk,* 1 Conn. App. 270, 271, 470 A.2d 1240 (1984). The charge must be examined to determine whether it fairly presents a case to a jury and is not to be subject to a degree of scrutiny that is tantamount to a microscopic examination seeking technical flaws, inexact, inadvertent or contradictory statements. *Ubysz* v. *DiPietro,* 185 Conn. 47, 57, 440 A.2d 830 (1981); *Tripp* v. *Anderson,* 1 Conn. App. 433, 436, 472 A.2d 804 (1984). We cannot say that the court's charge to the jury with regard to the duty owed a licensee was clearly erroneous when the overall charge is analyzed within the framework of the standards recited above.

The defendants' final claim, that the motion to set aside the verdict should have been granted, is also without merit. In reviewing the court's action on a motion to set aside the verdict, the dispositive question is whether or not the trial court clearly abused its dis-

cretion. *Labatt* v. *Grunewald,* 182 Conn. 236, 240, 438 A.2d 85 (1980). The evidence must be given a construction most favorable to sustaining the jury's verdict. *Herb* v. *Kerr,* 190 Conn. 136, 140, 459 A.2d 521 (1983); *Todd* v. *Malafronte,* 3 Conn. App. 16, 23, 484 A.2d 463 (1984); *State* v. *Failla,* 1 Conn. App. 524, 527, 473 A.2d 1233 (1984). Because of the court's familiarity with the facts, the ruling of the trial court on a motion to set aside the verdict is entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982); *Nielson* v. *D'Angelo,* 1 Conn. App. 239, 244, 471 A.2d 965 (1984); see Holden & Daly, Connecticut Evidence (1983 Sup.) § 35. In determining whether the trial court abused its discretion, the only issue is whether the jury could reasonably and logically have reached the conclusion it did. If so, the court's refusal to set aside the verdict will be sustained. *Labatt* v. *Grunewald,* supra, 240–41. We conclude that the jury could reasonably and logically have concluded as it did, and that the court did not abuse its discretion in denying the defendants' motion to set aside the verdict.

As we have already ruled that the record contains sufficient evidence to support the verdict, we see no error in the court's refusal to grant the defendants' motion for judgment pursuant to § 321 of the Practice Book.

Because the plaintiff prevailed in the trial court, we do not deem it necessary to expound further upon his claims of error.

There is no error.

In this opinion the other judges concurred.