## THOMAS O. VAZZANO ET AL. *v.*
## DONALD W. SLATER ET AL.
## (3166)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 5, 1985—decision released January 7, 1986

1

*Laurence V. Parnoff,* with whom, on the brief, were *Anne S. Finnie* and *F. J. Polesak, Jr.,* for the appellants (plaintiffs).

*Robert W. Lotty,* for the appellees (defendants).

SPALLONE, J. The plaintiffs[1] are appealing from a judgment rendered following a jury verdict for the defendants[2] in this action for damages resulting from an automobile collision. The trial court denied the plaintiffs' motion to set aside the verdict and for a new trial.

The plaintiffs claim that the court erred (1) in failing to set aside the jury verdict in favor of the defendant because the evidence did not support the verdict, (2) in limiting the testimony of the plaintiffs' rebuttal witness, and (3) in admitting page one of the two page police report as the defendants' exhibit.

The jury could reasonably have found the following facts: Immediately preceding the accident, the defendant Donald W. Slater was operating a motor vehicle in a northerly direction on Huntington Street and was approaching Nichols Avenue in the town of Shelton. Slater, intending to make a left turn onto Nichols Avenue, activated his left turn indicator approximately 100 feet from the intersection and, proceeding at a slow speed, began to make a left turn. Before Slater completed his turn, the plaintiff Thomas O. Vazzano, who

---

[1] The plaintiffs in this appeal are Thomas O. Vazzano, the driver of a car involved in the accident, and his wife Christine Vazzano, on a loss of consortium claim. Thomas O. Vazzano's employer was an intervening plaintiff in the trial court on a workers' compensation reimbursement claim, but is not involved in this appeal.

[2] The defendants in this appeal are Donald W. Slater, the driver of the second car involved in the accident, and Preferred Leasing Company, the owner and lessor of that car.

also was operating a vehicle in a northerly direction on Huntington Street, overtook the Slater vehicle while also attempting to make a left turn onto Nichols Avenue and collided with Slater's vehicle. There was evidence that the plaintiff was proceeding at a rate of speed in excess of 25 miles per hour just prior to the collision, which speed was over the posted limit.

The plaintiffs have framed their first claim of error in two parts: (1) did the plaintiffs prove their prima facie case as a matter of law; and (2) was sufficient credible evidence presented to the jury by the defendants to support a verdict in the defendants' favor. We find these claims to be totally lacking in merit. The plaintiffs are attacking the factual findings of the jury. There was a special defense of contributory negligence. The jury returned a general verdict for the defendants. Under these circumstances, where the verdict is general, it imports that the jury found all disputed issues in favor of the prevailing party; *Sanderson* v. *Steve Snyder Enterprises, Inc.,* 196 Conn. 134, 142 n.5, 491 A.2d 389 (1985); *Tetro* v. *Stratford,* 189 Conn. 601, 610, 458 A.2d 5 (1983); *Eagar* v. *Barron,* 2 Conn. App. 468, 472, 480 A.2d 576 (1984); and the actual basis for the jury's decision must remain unknown. *Duley* v. *Plourde,* 170 Conn. 482, 487, 365 A.2d 1148 (1976). We are precluded from delving into the minds of the jurors in order to ascertain the basis and rationale underlying their decision. *Eagar* v. *Barron,* supra. When there is sufficient evidence presented to support the decision of the jury, its general verdict should not be disturbed. See *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983); *State* v. *Stankowski,* 184 Conn. 121, 127, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981). There is nothing in this appeal, based on the sufficiency of the evidence, to warrant our intrusion into the realm of the jury.

In reviewing the court's action on a motion to set aside the verdict, the dispositive question is whether the trial court clearly abused its discretion. *Labatt* v. *Grunewald,* 182 Conn. 236, 240, 438 A.2d 85 (1980); *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* 5 Conn. App. 579, 584, 501 A.2d 1214 (1985). The ruling of the trial court on a motion to set aside the verdict, because of its familiarity with the facts, is entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982); Holden & Daly, Connecticut Evidence (Sup. 1983) § 35. In determining whether the trial court abused its discretion, the only issue is whether the jury could reasonably and logically have reached the conclusion it did reach. If so, the court's refusal to set aside the verdict will be sustained. *Labatt* v. *Grunewald,* supra, 240–41; *Todd* v. *Malafronte,* 3 Conn. App. 16, 23, 484 A.2d 463 (1984). We conclude that the jury could reasonably and logically have concluded as it did, and that the court did not abuse its discretion in denying the plaintiffs' motion to set aside the verdict.

The plaintiffs' second claim is that the court erred in limiting the testimony of their expert witness. After the plaintiffs and the defendants had rested, the plaintiffs sought permission of the trial court to put on the testimony of an accident reconstruction engineer. The plaintiffs offered this testimony in an effort to rebut certain "new" facts presented by the defendants. At trial, the defendants claimed, for the first time, that the car driven by Slater was in the left lane with, at most, its right rear wheel over the center line. The trial court, over an objection by the defendants, allowed the plaintiffs to amend their complaint merely to conform it to the evidence produced. The defendants thereafter amended their answer. The plaintiffs, by their offer of expert testimony, sought to rebut the claim that the car driven by Slater was in the left lane and to clear

up any possible confusion in the minds of the jury. The court allowed the witness to testify but narrowly limited the scope of the testimony to rebuttal of the facts presented regarding the lane in which Slater was traveling. The court refused to allow the witness to reconstruct the paths traveled by the cars. The plaintiffs argue that this evidence was made necessary in light of the new facts presented by the defendants, to which the plaintiffs were allowed to conform their complaint.

The fact that the court allowed the plaintiffs to amend their complaint to conform to the defendants' evidence did not afford the plaintiffs full license to relitigate their case. The transcript indicates clearly that the plaintiffs' purpose in offering the testimony of their expert witness was solely to rebut the testimony given by the defendants and their witnesses. The evidence was not offered as part of the plaintiffs' direct case. The extent to which rebuttal testimony is allowed is within the sound discretion of the court. *State* v. *Lisella,* 187 Conn. 335, 337, 445 A.2d 922 (1982); *DiMaio* v. *Panico,* 115 Conn. 295, 298, 161 A. 238 (1932); *Liskiewicz* v. *LeBlanc,* 5 Conn. App. 136, 139–40, 497 A.2d 86 (1985). Such testimony is ordinarily limited to refuting evidence and impeaching or rehabilitating witnesses. See *State* v. *Peary,* 176 Conn. 170, 174–75, 405 A.2d 626 (1978); *Reboni* v. *Case Brothers, Inc.,* 137 Conn. 501, 508, 78 A.2d 887 (1951); Holden & Daly, supra, § 11. The record does not disclose that the trial court, in limiting the testimony, abused its discretion.

Finally, the plaintiffs claim as error the trial court's decision to allow into evidence a police report offered by the defendants. The court had previously allowed in a portion of that same report as a plaintiffs' exhibit. The defendants claimed that page one of the report was relevant in that it explained and identified the operators with their respective vehicles which were only

referred to as vehicle "#1" and "#2" on the second page of the report which contained the portion offered by the plaintiffs. The plaintiffs objected to the document as containing inadmissible hearsay. We disagree.

The part of the report objected to by the plaintiffs consisted of a series of boxes within which were numbers representing certain police codes. The codes allegedly represented the reporting officer's opinion as to the cause of the accident. By definition, the hearsay rule "excludes statements made out of court which are offered to establish the truth of the facts contained in the statements . . . ." *Rompe* v. *King,* 185 Conn. 426, 428, 441 A.2d 114 (1981); *State* v. *Randolph,* 190 Conn. 576, 584, 462 A.2d 1011 (1983). It is clear that the police report was offered by the defendants and was admitted by the court for the limited purpose of identifying the portion of the report offered initially by the plaintiffs. The report was not offered nor was it admitted for the purpose of proving the matters contained in the boxes and objected to by the plaintiffs. The codes were never explained to the jury and cannot be considered inadmissible on the ground of hearsay.

Where a party introduces only part of a document, the opposing party is entitled to introduce other parts of the document which are relevant and competent evidence. See *Walter* v. *Sperry,* 97 Conn. 474, 480, 85 A. 739 (1897); *Laufer* v. *Bridgeport Traction Co.,* 68 Conn. 475, 484, 37 A. 379 (1897); Holden & Daly, supra, § 86 (d) (1). "A ruling on relevancy falls within the trial court's broad discretionary powers and is subject to review by this court only to ensure that its discretion has not been abused." *Filosi* v. *Hawkins,* 1 Conn. App. 634, 640, 474 A.2d 1261 (1984), citing *Hardisty* v. *Hardisty,* 183 Conn. 253, 257, 439 A.2d 307 (1981). We cannot say that the court, by allowing page one of the police report into evidence, abused its discretion.

We conclude that the trial court, in its rulings on the plaintiffs' motion to set aside the verdict, and in its rulings upon the limitation of rebuttal testimony and the admissibility of relevant evidence, exercised the sound discretion vested in it. Nothing in the record supports the plaintiffs' claims of errors.

There is no error.

In this opinion the other judges concurred.