## STATE OF CONNECTICUT *v.* THOMAS NICOLETTI
### (3861)

SPALLONE, DALY and BIELUCH, Js.

Argued June 13—decision released July 29, 1986

*Charles E. Tiernan III,* with whom, on the brief, were *Hugh F. Keefe, John J. Keefe, Jr.,* and *Margaret E. Flynn,* certified legal intern, for the appellant (defendant).

*Alan C. Abare,* legal intern, with whom were *James G. Clark,* deputy assistant state's attorney, and, on the brief, *John Waddock,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant, a state police trooper, was tried on a substituted information charging him with three counts of unlawful removal of records in violation of General Statutes § 53-153 and two counts of attempted coercion in violation of General Statutes

§§ 53a-49[1] and 53a-192.[2] He has appealed from the judgment rendered after his conviction by a jury of one count of the crime of attempted coercion.

At the close of the state's case-in-chief, the court granted the defendant's motion for acquittal with respect to one count of attempted coercion but denied the motion as to the other four counts. The case then proceeded to its conclusion whereupon the jury returned verdicts of not guilty to the three counts of unlawful removal of records and guilty to one count of attempted coercion. The defendant claims as error the court's denial of his motion for judgment of acquittal on the second count of attempted coercion.

The jury could reasonably have found the following facts. At approximately 4 a.m. on November 6, 1982, the female complainant, then twenty-one years old, was stopped by the defendant and charged with speeding. During the conversation between the two, the defendant asked the complainant to "go out and have a cup of coffee" with him. She declined the offer and also refused the defendant's request that she ride with him in his state police vehicle the following evening. She

---

[1] General Statutes § 53a-49 provides in pertinent part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of a mental state required for commission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

"(b) Conduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) unless it is strongly corroborative of the actor's criminal purpose. . . . "

[2] Section 53a-192 provides in pertinent part: "(a) A person is guilty of coercion when he compels or induces a person to engage in conduct which the latter has a legal right to abstain from engaging in . . . by means of instilling in him a fear that, if the demand is not complied with, the actor or another will . . . (4) take or withhold action as an official, or cause an official to take or withhold action."

did, however, give the defendant her telephone number. At that point, the defendant took back the complainant's copy of the speeding ticket and tore it up in front of her.

About two weeks later, the defendant telephoned the complainant and asked her to join him for "that cup of coffee." The complainant, who in the meantime had discovered that the defendant was married, responded that she would go "anytime you'd like to bring your wife and kids along." In response, the defendant stated: "If you don't have a cup of coffee with me, you will receive a copy of your suspended license through the mail." Thereupon, the complainant filed a complaint against the defendant. This led to an official investigation by the state police and culminated in the defendant's arrest, trial and conviction.

The defendant contends that the trial court erred when it refused to enter a judgment of acquittal on the charge of attempted coercion. The defendant's claim of error is, in general, an assertion that there was insufficient evidence presented to the jury to support its finding of guilty. He argues that the state failed to produce any evidence from which the jury could infer beyond a reasonable doubt an essential element of the crime of coercion, i.e., that the defendant actually instilled in the victim a fear that he would take action against her in his capacity as a state official. The defendant also argues that the state failed to prove beyond a reasonable doubt that his conduct towards the victim constituted a substantial step in a course of conduct planned to culminate in his commission of the crime. We find no merit to these claims of error.

All of the defendant's arguments are based on his claims that there was insufficient evidence to allow the jury to find the essential elements constituting the crime charged beyond a reasonable doubt. The defend-

ant focuses much of his argument on his allegation that the state failed to produce any evidence that the defendant "instilled fear" in the victim. The trial court instructed the jury that an essential element to be proven by the state was that the defendant by his conduct actually did instill fear in the victim. Because the defendant was accused of attempted coercion, a proper application of the attempt statute would require that the jury be instructed not that the defendant actually instilled fear, but that he attempted to instill fear in the victim.

Assuming that the trial court erred in instructing the jury that it had to find that the defendant's conduct actually instilled fear in the victim, such error would increase the state's burden and would act as a benefit to the defendant. Where an instruction works to the benefit of a defendant he cannot be heard to complain. *State* v. *Hawthorne,* 175 Conn. 569, 574, 402 A.2d 759 (1978). There was evidence presented to the jury that upon hearing the threat: "If you don't have a cup of coffee with me, you will receive a copy of your suspended license through the mail," the victim filed the complaint against the defendant. The jury could infer from this act alone that the victim was fearful of losing her license. Moreover, it is the function of the jury to decide, on the basis of all the evidence, whether the defendant's conduct was a substantial step corroborative of his criminal purpose. The question of whether the defendant's statement to the victim, along with his other conduct, was sufficient evidence for conviction, obviously was resolved against the defendant by the jury.

It is within the province of the jury to determine the credibility and the effect to be given the evidence. *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979); *Eagar* v. *Barron,* 2 Conn. App. 468, 471, 480 A.2d 576 (1984). The issue to be determined is whether the jury

reasonably could have concluded, upon the established facts and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State* v. *Findlay,* 198 Conn. 328, 333, 502 A.2d 921 (1986); *State* v. *Fernandez,* 198 Conn. 1, 21, 501 A.2d 1195 (1985); *State* v. *Tyler-Barcomb,* 197 Conn. 666, 668, 500 A.2d 1324 (1985). The evidence must be given a construction most favorable to sustaining the jury's verdict. *State* v. *Fernandez,* supra, 22. The verdict must stand unless it is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality. *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872 (1956); see *Carfora* v. *Globe, Inc.,* 5 Conn. App. 526, 529, 500 A.2d 958 (1985). We see nothing in this case that would justify our intrusion into the realm of the jury.

Consequently, the defendant's claim that his motion for judgment of acquittal should have been granted is without merit. The trial court's rulings on motions of this nature, because of that court's familiarity with the facts, are entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982); *State* v. *Baldwin,* 7 Conn. App. 477, 481, 509 A.2d 76 (1986); see *Holden & Daly,* Connecticut Evidence (1983 Sup.) § 35. The dispositive question is whether the trial court clearly abused its discretion in denying the motion. *Labatt* v. *Grunewald,* 182 Conn. 236, 240, 438 A.2d 85 (1980). Having held that the jury, in this case, reasonably and logically could have reached the determination it did, we conclude that the court did not abuse its discretion in denying the defendant's motion for judgment of acquittal.

There is no error.

In this opinion the other judges concurred.