[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (Pleading #123)
The plaintiffs' original complaint was found legally insufficient by the court (Meadow, J., 4/17/90). That decision relied upon the fact that no allegation was made that the defendant knew or, with reasonable certainty, could have known that the plaintiff was or would be on the property at the time of the fall. Without such knowledge, the defendant owes no duty to warn a police officer during his inspection of the premises while on routine patrol.
In his amended complaint the plaintiff adds the following allegations, paragraph 8b: "In that the Defendant, its agents, servants and/or employees permitted the Plaintiff to enter on the premises knowing that it had requested arrest and prosecution of persons engaged in acts of criminal trespass during the construction process it was reasonably likely a police officer such as the Plaintiff would investigate unsecured areas of entry to the theatre complex an yet failed to exercise reasonable care to (i) make the defective and dangerous condition reasonably safe or (ii) warn the Plaintiff of the dangerous and defective condition of the property and the risk to his safety therein."
The defendant argues, in its memorandum in support, that the plaintiffs only seek to avoid the prior decision by alleging that the defendant knew the police would be on its property at any time.
The plaintiffs, in their memorandum in opposition, argue that the additional paragraph puts them within the holding of the Carafora v. Globe Ford, Inc., 5 Conn. App. 526
(1985).
The sufficiency of the allegations is a jury question as to whether the defendant breached a duty of care owed to the plaintiff as a licensee. Carafora v. Globe Ford, Inc., 5 Conn. App. 526, 528-29.
The plaintiff relies on Carafora by his amended complaint. In Carafora the defendant had made numerous requests that the police give special attention to the subject premises.
Whether such allegation of the plaintiff can be supported by the evidence is the subject matter of further inquiry.
The motion to strike is denied. CT Page 528
FRANK S. MEADOW, JUDGE