CLARETTE LEMONIOUS *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION, ET AL. (8662)

DUPONT, C. J., SPALLONE and LAVERY, Js.

Argued November 7, 1990—decision released January 15, 1991

*Allisan Lee Adams,* for the appellant (plaintiff).

*Louis B. Blumenfeld,* with whom, on the brief, were *Lorinda S. Coon* and *Richard Ferris,* for the appellee (named defendant).

SPALLONE, J. The plaintiff appeals from the judgment of the trial court granting the defendant's[1] motion to set aside the jury's verdict for the plaintiff. On appeal, the plaintiff asserts that the trial court improperly granted the motion to set aside the verdict because its decision was based on a question of fact that is constitutionally reserved for the jury's determination. Specifically, the plaintiff claims that the jury could have reasonably and logically inferred from the evidence presented at trial that the defendant had constructive notice of the defective and dangerous condition of a public highway. We agree and reverse the judgment of the trial court.

---

[1] The original defendants in this action were J. William Burns, commissioner of transportation, and the town of Bloomfield. The case was withdrawn as to the defendant town of Bloomfield.

The jury was presented with evidence to support the facts as follows. On August 20, 1984, in the early morning, the plaintiff, while walking on a public highway to a public bus stop, stumbled into a hole located in the highway causing serious personal injuries, medical expenses, pain and suffering, impaired earning capacity and a 5 percent permanent disability of her lower back and left lower extremity. The hole was located approximately six feet from the southwest corner of the intersection of Blue Hills Avenue and Hubbard Street in Bloomfield. The hole was approximately one and one-half feet deep and approximately ten and three-eighths inches wide and was within an area where excavation and construction were being performed under the authority of the defendant commissioner of transportation (commissioner).

After due notice pursuant to General Statutes § 13a-144,[2] the plaintiff brought suit against the commissioner asserting that as a result of the commissioner's breach of the statutory duty under § 13a-144 with regard to the maintenance of highways, she was seriously injured. The evidence presented at trial indicated that construction was in progress at the site near the bus stop prior to the defendant's injury and that, although holes might have been left uncovered overnight at the construction site, special precautions to prevent accidents were usually taken prior to weekend

---

[2] General Statutes § 13a-144 provides in pertinent part: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."

shutdowns. Testimony disclosed that the foreman's daily report should have indicated whether such precautions were taken at the site. The contractor's records however do not indicate that such precautions had been taken on the weekend prior to the defendant's injuries. After deliberation, the jury rendered a general verdict for the plaintiff and awarded her $85,000 in damages.

The commissioner then moved to set aside the verdict pursuant to Practice Book § 320,[3] claiming that (1) the verdict reached by the jury was not supported by the evidence, (2) the court improperly denied the defendant's motion for a directed verdict at the close of the plaintiff's case, (3) there was evidence that the road was closed, (4) the jury instruction regarding General Statutes § 13a-145 was inadequate, and (5) the verdict was excessive. The state trial referee granted the motion to set aside the verdict solely on the ground that the verdict was not supported by the evidence. The trial court then granted the commissioner's motion for judgment notwithstanding the verdict. This appeal followed.

A trial court's discretion is limited when setting aside a jury verdict. Paramount is the basic principle that it must not usurp the factfinding function of the jury. It is well established law that, where a jury trial is elected, "[l]itigants have a constitutional right to have issues of fact decided by the jury . . . ." *Vetre* v. *Keene,* 181 Conn. 136, 138, 434 A.2d 327 (1980); *Hanauer* v. *Coscia,* 157 Conn. 49, 53, 244 A.2d 611

---

[3] Practice Book § 320 provides: "Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered, exclusive of such days as the clerk's office is not open; provided that for good cause the court may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies.

(1968); *Bambus* v. *Bridgeport Gas Co.*, 148 Conn. 167, 169, 169 A.2d 265 (1961). "The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded [persons] passed upon by the jury and not by the court." *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714 (1970); *Sepe* v. *Deemy,* 9 Conn. App. 524, 527, 520 A.2d 237 (1987). Further, "[t]he conclusion of a jury on issues of fact, if it is one at which honest [persons] acting fairly and intelligently could arrive reasonably, must stand, even though the opinion of the trial court and [this court] might be that a different result should have been reached." *Living & Learning Centre, Inc.* v. *Griese Custom Signs, Inc.,* 3 Conn. App. 661, 663, 491 A.2d 433 (1985). The trial judge is, therefore, limited to determining whether there is any evidence to support the verdict. *Berndston* v. *Annino,* 177 Conn. 41, 43–44, 411 A.2d 36 (1979).

The key question in this case is whether there was evidence from which the jury could have inferred that the hole was caused by the construction work and existed for a length of time sufficient to establish constructive notice on the part of the commissioner. Obviously, the existence of the defect, its cause and duration are questions for the trier of fact, here the jury. Circumstantial evidence as to the size of the defect, its causation and duration was presented and is competent evidence. *Young* v. *West Hartford,* 115 Conn. 384, 387, 161 A. 523 (1932). The evidence presented in this case, though circumstantial, addresses the question of whether the defect existed for a sufficient length of time to put the commissioner on constructive notice so that he could remedy the dangerous conditions.

*Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 609, 419 A.2d 339 (1979). "What constitutes a reasonable length of time within which the defendant should have learned of the defect, how that knowledge should have been acquired, and the time within which, thereafter, the defect should have been remedied are matters to be determined in the light of the particular circumstances of each case." *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 153, 104 A.2d 221 (1954).

In this case, the plaintiff presented ample evidence to sustain the jury's verdict. Where there is evidence, direct or circumstantial, even though quantitatively slight, that supports the jury's verdict, an intrusion by the trial court is unwarranted. Whether the plaintifff sustained her burden of proof is a question for the jury to decide. *Carfora* v. *Globe, Inc.,* 5 Conn. App. 526, 529, 500 A.2d 958 (1985), cert. denied, 198 Conn. 804, 503 A.2d 1186 (1986). Because there was ample evidence to support the jury's determination, the trial court improperly determined that that evidence was insufficient to support the jury's verdict.

Because the trial court expressly stated that it based its verdict solely on the ground of insufficient evidence, this case must be remanded for the trial court's resolution of the other issues raised in the defendant's motion to set aside the verdict.

The judgment is reversed and the case is remanded to the trial court for further proceedings to resolve the issues raised in the defendant's motion to set aside the verdict.

In this opinion the other judges concurred.