[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO SET ASIDE VERDICT
In Lemonious v. Burns, 23 Conn. App. 735, 740 (1991), the case was "remanded for the trial court's resolution of the other issues raised in the Defendant's Motion To Set Aside The Verdict."
The other issues were as follows. "(3) There was evidence that the road was closed, (4) the jury instruction regarding General Statutes Sec. 13a-145 was inadequate, and (5) the verdict was excessive." Id. 738.
I. Was The Road Closed?
The defendant contends that Blue Hills Avenue, the public highway in question, was legally closed pursuant to General Statutes Sec. 13a-145. Two witnesses for the defendant, Neal Robison and Stephen Zentara, testified that the contractor had posted signs in accordance with the statute.
On the other hand, the plaintiff and another witness, Lillian Harrison, both testified that they did not see posted signs. Furthermore, in the daily reports of the job foreman, there was no statement concerning the posting or installation of the necessary signs.
Thus, there was conflicting evidence presented to the jury as to whether or not the signs required to close or restrict traffic as set forth in General Statutes Sec. 13a-115a were actually posted and installed.
Where conflicting evidence exists, it is the task of the jury to assess the credibility of witnesses and the weight to be given to their testimony. Murteza v. State, 7 Conn. App. 196,208-209 (1986). "[T]he choice of the more credible evidence [is] for them to make," Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 544 (1989). It is the jury's function to decide questions of fact. Gaulton v. Reno Paint Wallpaper Co.,177 Conn. 121, 127 (1979).
The evidence should be considered in the light most favorable to sustaining the verdict. Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 555 (1972). The jury CT Page 8976 could reasonably and logically have reached the conclusion that Blue Hills Avenue, the highway in question, was not legally closed in accordance with the terms of the statute.
 II. Was The Jury Instruction Regarding General Statutes 13a-145 Inadequate?
In determining the appropriateness of a court's jury charge, the charge must be read as a whole. Those instructions claimed to be in error must also be read in light of the entire charge. Carfora v. Globe, Inc., 5 Conn. App. 526, 530 (1985). The charge must be examined to determine whether or not it fairly presents the case to the jury and may not be subject to a minute scrutiny seeking technical flaws, inexact or contradictory statements. Ubysz v. DiPetro, 185 Conn. 47, 57
(1984).
In the instant case, the court instructed the jury on General Statutes 13a-145 in layman's terms. The instructions were clear and unambiguous and when considered with the instructions on General Statutes Sec. 13a-115 was adequate to convey to the jury the law as set forth in these two statutes.
III. Was The Verdict Excessive?
The jury awarded the plaintiff $85,000 in damages. The defendant claims that this sum was excessive.
The applicable test to be used by the trial court when such a claim is presented by a defendant is "whether the jury award falls somewhere within the necessarily uncertain limits of just damages or whether the verdict so shocks the sense of justice as to compel the conclusion the jury were influenced by partiality, prejudice, mistake or corruption." Pisel v. Stamford Hospital,180 Conn. 31, 342-343 (1980). The court does not find any of the negative factors present in this case. When the medical bills, lost wages, mental and physical pain and suffering, the permanency of the injuries and life expectancy were considered by the jury, the court can only conclude that the jury's award was generous but not excessive.
For the foregoing reasons, Defendant's Motion To Set Aside The Verdict is overruled.
MISSAL, STATE TRIAL REFEREE