[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO SET ASIDE VERDICT
Pursuant to Conn. P.B. Sec. 320 plaintiffs have moved to set aside the jury verdict in favor of the defendant on his counterclaim in the sum of $31,111.26 for any one or more of the following reasons. (Each claim will be discussed separately).
1. Plaintiffs' claim that the verdict is inconsistent and contrary to law in that the jury found for the plaintiffs on their breach of contract count (First Count) and also for the defendant on his breach of contract count on the counterclaim.
Ruling: The court does not find any inconsistency in the decision of the jury. The jury could reasonably and legally reach their conclusion that there was a breach of contract by each of the parties.
2. Plaintiffs' claim that the verdict is inconsistent and contrary to both the law and the evidence in that on plaintiffs' counts in the complaint sounding in breach of implied warranty and in negligence, the jury found a breach of implied warranty but did not find that the defendant was negligent.
Ruling: The court does not find that the verdict of the jury was inconsistent. The standards of proof of these two causes of action are different. The jury could reasonably and legally have found that the defendant had breached an implied warranty but also could find that the defendant was not negligent.
3. The plaintiffs' claim that the court improperly charged or failed to charge the jury in the several ways set forth in paragraph 3 of the motion.
Ruling: "If counsel is making a claim concerning the charge, he should order a transcript of the court's charge before arguing the motion." 1 Conn. Practice 3rd Edition, Moller Horton, Sec. 320 Page 511. Such a transcript was not used by counsel and the court in this ruling is relying on the notes from which the instructions were given.
In determining the appropriateness of the charge, the court's instructions must be read as a whole. Those instructions claimed to be in error must also be read in light of the entire charge. Carfora v. Globe , Inc., 5 Conn. App. 526,530 (1985). The charge must be examined to determine if it fairly presents the case to the jury in such a way that injustice was not done to the rights of either party "and not with legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements." Ubysz v. DiPietro,185 Conn. 47, 57 (1981). In the instant case, the instructions CT Page 10800 read as a whole, were clear, unambiguous and were adequate to convey to the jury the law involved in this case.
4. The plaintiffs' claim that contrary to law, the court refused to allow over plaintiffs' counsel's objection the testimony of Anthony Civitello regarding the estimated construction costs of lowering the house to a proper elevation.
Ruling. This was a lengthy and complicated trial. Plaintiffs' counsel did not furnish the court with a brief and/or the portion of the transcript required. Without the transcript, the court is unable to review the record of the portion of the trial to determine if the question posed, the objection thereto, the court's ruling and the exception taken were proper. The ruling of the court must stand.
5. The plaintiffs' claim that contrary to the law, the court failed to allow into evidence or before the jury, plaintiffs' written summary of the claimed damages.
Ruling: The ruling of the court was correct. The document in question did not qualify as a business entry nor did plaintiffs claim any other reason for its admission.
6. The plaintiffs' claim that contrary to law, the court erred in failing to allow into evidence photographs of the defendant's commercial project located on Route 1 in Branford constructed at approximately the same time as that of plaintiffs' home with the same type of redwood clapboard materials.
Ruling: Without the transcript to assist the court in determining the reason for the ruling, the ruling must stand.
7. The plaintiffs' claim that contrary to law, the court erred in allowing into evidence a photograph of plaintiffs' neighbors home front area, depicting the elevation of that home.
Ruling: Without the transcript to assist the court in determining the reason for the ruling, the ruling must stand.
8. The plaintiffs' claim that contrary to law, the court failed to allow the testimony of Engineer Anthony Giordano as rebuttal testimony to defendant's engineer Gerry Cascio.
Ruling. The court refused to permit the testimony of the witness who was presented as an expert because plaintiffs had failed to disclose to the defendant the name and a summary of the expert testimony, as required by P.B. Sec. 220. This section makes no distinction between experts in the principal CT Page 10801 case and those used on rebuttal.
9. The plaintiffs' claim that one or more of the jurors represented to the other jurors while in deliberations that it would be impossible to lower the level of the subject house and gave significant weight to the representation even though there was no evidence presented to warrant such a conclusion.
Ruling: There is nothing on the record of this case to substantiate this claim. Counsel for the plaintiffs brought this matter before the court during argument on this motion.
"If the motion is based on juror misconduct, the rule extracted from the case seems to be, that however improper such conduct may have been, yet if it does not appear that it was occasioned by the prevailing party, or any one in his behalf; if it does not indicate any improper bias upon the jurors mind, and the court cannot see, that it either had, or might have had, an effect unfavorable to the party moving for a new trial; the verdict ought not to be set aside." Pettibone v. Phelps,13 Conn. 445, 450 (1840). Unless the nature of the misconduct on its face implicates their constitutional rights, the burden is on the plaintiffs to show that the juror misconduct is harmful. State v. Asherman, 193 Conn. 695, 736 (1984). The plaintiffs in this case have not sustained this burden.
10. The plaintiffs' claim that it was prejudicial error to allow extensive questioning of plaintiff Charles Flanagan by defendant regarding his real property interests.
Ruling: Without the transcripts to guide the court as to the reason for this action, the ruling must stand.
On the basis of the above rulings, the motion to set aside the verdict is overruled and denied.
MISSAL STATE TRIAL REFEREE