CONSTANCE DANKO ET AL. *v.* REDWAY ENTERPRISES, INC., ET AL.
(AC 17736)

O'Connell, C. J., and Lavery and Hennessy, Js.

Argued January 14—officially released May 18, 1999

*Joshua D. Koskoff*, for the appellants (plaintiffs).

*Eric P. Smith*, with whom was *Donn A. Swift*, for the appellee (named defendant).

*Opinion*

LAVERY, J. The plaintiffs, Stanley Danko and Constance Danko, appeal from the judgment rendered following the trial court's denial of their motion to set aside the verdict rendered in favor of the defendant Redway Enterprises, Inc. (Redway). The sole issue on appeal is whether the trial court improperly excluded from evidence Redway's stricken apportionment complaint. We affirm the judgment of the trial court.

The following facts are relevant to the issue on appeal. On September 18, 1993, Constance Danko sustained an injury during a wedding reception at the Red House of Johnsonville, Inc. (Red House). She claimed that the injury was caused by a defective dance floor. By an amended complaint, the plaintiffs brought suit against Red House, Redway, from which the dance floor had been rented, Culinary Concepts, LLC (Culinary Concepts), which had rented the dance floor from Redway, and Shelby Williams Industry, Inc. (Shelby), the manufacturer of the dance floor. The plaintiffs subsequently withdrew their claims against Red House, Culinary Concepts and Shelby.

On July 7, 1997, pursuant to General Statutes § 52-102a, Redway moved to implead Red House because "it was a necessary party and should be made a defendant at this point because it has an interest in this

controversy adverse to the plaintiffs . . . and its presence as a defendant is required so that a complete assessment of the percentage of responsibility of all parties can be made pursuant to [General Statutes] § 52-572h."[1] On August 11, 1997, the plaintiffs moved to strike Redway's apportionment complaint, and the trial court granted the plaintiffs' motion.

At trial, on direct examination, a witness for Redway, Albert Redway III, testified that the dance floor was in a safe and usable condition prior to the time it was transported from Redway to Red House. During their cross-examination of this witness, the plaintiffs sought to introduce into evidence certain statements in Redway's stricken apportionment complaint, claiming that those statements constituted an admission by Redway that the dance floor was in an unreasonably dangerous condition. Relying on our decision in *DeJesus* v. *Craftsman Machinery Co.*, 16 Conn. App. 558, 564–68, 548 A.2d 736 (1988), the trial court denied the plaintiffs' request. The plaintiffs claimed that the trial court's reliance on *DeJesus* was improper, and they renewed this claim in their motion to set aside the verdict. The trial court denied the plaintiffs' motion to set aside the verdict and this appeal followed.

The sole issue on appeal is whether the trial court improperly excluded from evidence Redway's stricken apportionment complaint. The plaintiffs claim that the trial court, relying on the exception set forth in *DeJesus* v. *Craftsman Machinery Co.*, supra, 16 Conn. App. 564–68, improperly excluded from evidence Redway's stricken apportionment complaint. Because the trial court's decision presupposed that a statement in a stricken pleading could be considered as an evidential admission, we must first determine whether the trial

---

[1] Because the plaintiffs initiated this lawsuit in February, 1995, Public Acts 1995, No. 95-111, § 1, specifically dealing with apportionment complaints, which was codified in General Statutes § 52-102b, does not govern this case. See Public Acts 1995, No. 95-111, § 2 (effective July 1, 1995).

court's assumption was correct. We conclude that a statement in a stricken pleading may be considered as an evidential admission.

As a general rule "statements in withdrawn or superseded pleadings, including complaints, may be considered as evidential admissions by the party making them, just as would any extrajudicial statements of the same import." *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 244, 492 A.2d 164 (1985). In *Theron Ford Co.* v. *Dudley*, 104 Conn. 519, 525, 133 A. 746 (1926), the trial court sustained a demurrer[2] as to a special defense in the defendant's pleading, and the plaintiff later sought to introduce into evidence as an admission a statement in the defendant's demurred pleading. Our Supreme Court held that the plaintiff could have offered this statement into evidence. Id. In *Dreier* v. *Upjohn Co.*, supra, 245, our Supreme Court cited its decision in *Theron Ford Co.* as authority for the general rule that statements in withdrawn or superseded pleadings may be considered as evidential admissions. The decisions in *Theron Ford Co.* and *Dreier* together establish that a statement in a stricken pleading may be considered as an evidential admission.

We must next determine whether the trial court, relying on our decision in *DeJesus* v. *Craftsman Machinery Co.*, supra, 16 Conn. App. 564–68, improperly excluded from evidence Redway's stricken apportionment complaint. The plaintiffs' claim that the trial court's reliance on *DeJesus* was misplaced. We disagree.

As we have already stated, it is a general rule that "statements in withdrawn or superseded pleadings, including complaints, may be considered as evidential admissions by the party making them, just as would any

---

[2] "The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice . . . ." (Citations omitted; internal quotation marks omitted.) *Cavallo* v. *Derby Savings Bank*, 188 Conn. 281, 283, 449 A.2d 986 (1982).

extrajudicial statements of the same import." *Dreier* v. *Upjohn Co.*, supra, 196 Conn. 244. In *DeJesus* v. *Craftsman Machinery Co.*, supra, 16 Conn. App. 565, we held that "[s]tatements contained in third party pleadings are an exception to this general rule." In *DeJesus*, the defendant moved to implead a third party. Id., 561. The motion was granted and the defendant filed a third party complaint that alleged that, if it was found liable to the plaintiff, the third party defendant should indemnify it for any losses or damages. Id. On appeal, the plaintiff claimed that the trial court had improperly failed to charge the jury that various allegations contained in the third party pleadings filed by the two defendants against each other could be deemed as admissions against the respective defendants. Id., 564.

In affirming the decision of the trial court, we concluded that statements made in third party pleadings cannot be used as admissions by the plaintiff in the original action. Id., 564–68. We observed that "[s]uch statements are made, arguendo, to discuss the hypothetical legal consequences if a certain fact should be determined by the trier, and are not admissions of the facts in question. . . . Third party pleadings are a tool for the assistance of the trier of fact in the determination of ultimate responsibility, if any, for proven liability and damages under the plaintiff's complaint. The cause of action alleged in the pleadings between the interpleading party and the interpleaded party is separate from, and not probative of, the proof of the plaintiff's cause of action which must stand on its own facts within the allegations of his complaint." Id., 565–66.

The factors that prompted us to carve out an exception for third party pleadings in *DeJesus* militate in favor of extending this exception to include statements in an apportionment complaint. In the present case, Redway moved to implead Red House so that, if the jury rendered a verdict in favor of the plaintiffs, responsibility for the plaintiffs' damages could be apportioned

between Redway and Red House. The allegations contained in the apportionment complaint were contingent and premised on the jury's finding against Redway on the initial question of whether the dance floor was in a defective and unreasonably dangerous condition. A contrary holding would place a defendant at his peril in that the allegations set forth in his complaint seeking apportionment in the event of liability in the principal action could be used in that action as admissions establishing liability. See generally *Schneider* v. *Lockheed Aircraft Corp.*, 658 F.2d 835, 843 (D.C. Cir. 1981), cert. denied, 455 U.S. 994, 102 S. Ct. 1622, 71 L. Ed. 2d 855 (1982); *Continental Ins. Co. of New York* v. *Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971); *DeJesus* v. *Craftsman Machinery Co.*, supra, 16 Conn. App. 567. Accordingly, we conclude that the trial court properly excluded Redway's stricken apportionment complaint from evidence.

The judgment is affirmed.

In this opinion the other judges concurred.