[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff, Gary Helbling, has brought this two-count action against Quinnipiac college and Full Power Fitness Incorporated (FPF) seeking compensation for injuries which he allegedly sustained while using a weight training machine at the college. He claims that while using the machine a cable attached to it failed and broke causing his injuries. In his first count the plaintiff asserts liability against the College for its allegedly negligent failure to inspect, maintain and repair the machine and upon its alleged failure to warn him of its dangerous condition. In his second count the plaintiff alleges that for a fee defendant FPF obligated itself to inspect, maintain, test and repair the cable machine. He further alleges that his injuries were caused by the negligent failure of FPF to fulfill its responsibilities in this regard, and by its failure to warn him as to the unsafe condition of the machine.
Defendant FPF has impleaded and filed a third party complaint against a company known as Cybex International Inc. (hereinafter "Cybex"). In its third party complaint FPF alleges that it bought the exercise machine from the defendant Cybex, and that any injuries suffered by the plaintiff were caused by Cybex selling an unreasonably dangerous machine and by its failure to warn properly as to its dangerous condition. FPF further asserts that since it did not have notice as to the dangerous condition of the machine, the negligence of Cybex, rather than the negligence of FPF was the direct cause of plaintiffs injuries and losses, if any, and that Cybex is liable to indemnify FPF for all or part of the plaintiffs claims against it.
In addition to denying any liability, the Answer of Cybex to the third party complaint contains several special defenses. In its first special defense, Cybex alleges that plaintiff Gary Helbling was comparatively responsible for his injuries in that, inter alia he failed to behave reasonably and failed to keep a proper lookout for danger while using the machine. Full Power Fitness has filed a Motion to Strike this special defense based upon its claim that the Cybex allegation of plaintiff Gary Helbling's comparative negligence is not responsive to FPF's third party complaint seeking to have Cybex indemnify it against Helbling's claims. In support of its position FPF argues that the allegation of comparative negligence in the First Special Defense fails to meet the test of a special defense which must set forth CT Page 10761 ". . . facts . . . consistent with [the complaint] but show notwithstanding, that [the plaintiff] has no cause of action . . ." Ct. Prac. Bk. § 10-50.
Cybex responds to the FPF argument by stating that the following provision of the practice book authorizes the special defense of comparative negligence:
 The third-party defendant may. . . . assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiffs claim and may assert any claim against the plaintiff arising out of the transaction or occurrence which is the subject matter of the plaintiffs claim against the third-party plaintiff. Id. 10-11 (a).
The court agrees with the position of Cybex that the clear language of Sec. 10-1 la of the rules of practice authorizes the assertion of its special defense. See also DeJesus v. CraftsmanMachinery. Co., 16 Conn. App. 558, 566 (1988).
Accordingly, the motion to strike is denied.
Clarance J. Jones, Judge