[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT 
Plaintiff Margery Bowen has filed a complaint against defendant Stonegate Condominium Association (Stonegate, and defendant Empire Property Management (Empire) in which she alleges that she was injured on December 7, 1996, when she fell on the premises owned and/or managed by them. Specifically, the plaintiff claims that on the aforesaid date of injury she was on the premises as an invitee, and that due to improper design and maintenance on an exterior porch and stairs, as well as to the buildup of ice and snow thereon, she fell and sustained painful and permanent injuries. The defendants deny liability for the plaintiff's injuries.
Stonegate and Empire have filed an apportionment complaint against Mike Gaudio, d/b/a Mike Gaudio Construction (Gaudio) alleging that he was responsible for maintaining and sanding the stairway, as well as removing snow and ice from the stairway and landing. Stonegate and Empire alleged further that, if any negligence existed, it was due to the negligence and carelessness of the apportionment defendant Gaudio.[1]
The plaintiff has filed a motion to strike the apportionment complaint against Gaudio on the ground that the pleading is legally insufficient because defendants Stonegate and Empire owed a nondelegable duty to her as an invitee, regardless of any separate duty owed by Gaudio. Defendants Stonegate and Empire have filed a memorandum of law in opposition to the plaintiff's motion to strike.
Mike Gaudio also has filed a motion. to strike the apportionment complaint directed against him. Stonegate and Empire have filed a memorandum of law in opposition to Mike Gaudio's motion to strike. CT Page 322
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . ." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516,522 __ _A.2d ___ (2000). In ruling on a motion to strike, the court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . .Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626 ___ A.2d ___ (2000).
A. Whether Bowen has standing to challenge the apportionment complaint 
The plaintiff and Gaudio's motions to strike are identical. Stonegate and Empire, however, challenge Bowen only with respect to standing.
Stonegate and Empire oppose plaintiff Margery Bowen's motion arguing that she lacks standing to move to strike the apportionment complaint. Stonegate and Empire rely on Delio v. Earth Garden Florist, Inc.,28 Conn. App. 73, 78, 609 A.2d 1057 (1992), wherein the Appellate Court recognized that "one party has no standing to raise another's rights." Id. Stonegate and Empire also argue that plaintiff Margery Bowen is not "a proper party to request an adjudication of the issue"; Mystic MarineLife Aquarium, Inc. v. Gill, 175 Conn. 483, 492, 400 A.2d 726 (1978); because she fails to "[make] a colorable claim of direct injury [she] . . . [i]s likely to suffer." (Internal quotation marks omitted.) Malerbav. Cessna Aircraft Co., 210 Conn. 189, 192, 554 A.2d 287 (1989).
In general, "[s]tanding is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) Carl J. HerzogFoundation, Inc. v. University of Bridgeport, 243 Conn. 1, 5, 699 A.2d 995
(1997). "To establish aggrievement, first, the plaintiff [must allege] facts which, if proven, would constitute aggrievement as a matter of law, and, second . . . [prove] the truth of those factual allegations."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 193 n. 13,676 A.2d 831 (1996), quoting Beckish v. Manafort, 175 Conn. 415, 419,399 A.2d 1274 (1978).
The court finds that a plaintiff "may raise the issue of whether apportionment is appropriate through a motion to strike, which is the proper vehicle to address this issue." Duerr v. Sage Associates, Superior Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999, Martin J.) It is evident from existing case law that a plaintiff has standing to strike an apportionment complaint. In Tito v.Burghoff, Superior Court, judicial district of Litchfield, Docket No. 070643 (May 27, 1997, Sheldon, J.) (19 Conn.L.Rptr. 561), the court held CT Page 323 that in order to prove aggrievement, a plaintiff must have a "specific, personal and legal interest in a matter that may substantially affect her ability to recover damages." Id., 562. This court agrees with Judge Sheldon's reasoning to the effect that apportioning liability to an apportionment defendant would reduce the size of the recovery if any, against the main defendants. see also Danko v. Redway Enterprises, Superior Court, judicial district of Middlesex at Middletown, Docket No. 074648 (September 17, 1997, Fineberg, J.) (20 Conn.L.Rptr. 281), aff'd on ground trial court properly excluded Redway's stricken apportionment complaint, 53 Conn. App. 373, 374, 730 A.2d 373 (1999), rev'd on ground trial court did not properly exclude stricken apportionment complaint,254 Conn. 369, 371, 757 A.2d 1064 (2000)
In light of the foregoing authority, the court finds that the plaintiff in this matter has standing to file a motion to strike Stonegate and Empire's apportionment complaint.[2]
 B. Whether Stonegate. as owner of property, owes a nondelegable duty to keep the premises safe
Both motions to strike raise the issue of whether Stonegate and Empire owed plaintiff Margery Bowen a nondelegable duty so as to preclude apportionment of liability to the snow removal contractor. Both the plaintiff and Gaudio argue that a breach of a nondelegable duty results in liability that is not apportionable.[3]
Several trial courts have addressed the issue of whether liability may be apportioned between an owner of property and a snow removal contractor in a slip and fall case. There is a clear split of authority in the Superior Court opinions. There is, on the one hand, substantial Superior Court authority allowing apportionment in negligence actions involving snow removal contractors. See Gulisano v. National Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203)("if the plaintiff would be able to assert a direct cause of action against the . . . snow plow contractor . . ., there should be no reason why such contractor could not be brought in by the defendant property owner as an apportionment defendant"); Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335) (permitting defendants to seek apportionment of damages serves the purpose of General Statutes § 52-102b); Veach v. Waldbaum, Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998,Radcliffe, J.) (23 Conn.L.Rptr. 145)(same); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998, Leheny, J. )(same). CT Page 324
Despite this line of Superior Court cases, other Superior Court decisions reject an apportionment action in situations where a landowner seeks to apportion liability to a snow removal contractor in slip and fall cases. The reasoning set forth in these cases is that a landowner has a nondelegable duty to maintain its premises in a safe condition and cannot, therefore, seek to apportion liability to an independent contractor. See, e.g., Currier v. Fieldstone Village, Superior Court, judicial district of Tolland at Rockville, Docket No. 069258 (January 19, 2000, Sullivan, J.); Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.); Benedetto v. Stamford Transit District, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149024 (November 17, 1999, Lewis, J.), cert. granted, Benedetto v.Stamford Transit District, Connecticut Supreme Court, Docket No. SC16204 (January 25, 2000); Duerr v. Sage Associates, supra, Superior Court, Docket No. 539139; Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998, Silbert J.) (23 Conn.L.Rptr. 549); Wood v. Chalet SusseInternational, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn.L.Rptr. 187).
In determining which line of reasoning should be followed with respect to this present action, the first question to address is whether a landowner's duty to an invitee is nondelegable so as to prevent the apportionment of liability. Bowen and Gaudio cite Restatement (Second), Torts § 421 (1995), which states, in part, that "[a] possessor of land who . . . is under a duty to maintain in a reasonably safe condition the part retained by him, and who entrusts the repair of such part to an independent contractor, is subject to the same liability to the lessee, and to others . . . for physical harm caused by the negligence of the contractor in failing to maintain such part of the land in [a] reasonably safe condition." Id.
As a general rule, the duty owed to an invitee such as Bowen is one where the "possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327,612 A.2d 1197 (1992). It is additionally recognized that a landowner "cannot delegate the duty owed to an invitee; nor can a landlord delegate the obligation of using reasonable care to keep common approaches safe." (Emphasis added.) D. Wright, J. FitzGerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 67, p. 178; see also Wood v. Chalet SusseInternational, supra, 14 Conn.L.Rptr. 187). Not only does the landowner have a duty to maintain and repair the premises, but the landowner is CT Page 325 also "liable for injuries received by a tenant by reason of the landlord's negligence in the performance of this duty." Koskoff v.Goldman, 86 Conn. 415, 424, 85 A. 588 (1912); see also Torre v. Derenzo,143 Conn. 302, 305, 122 A.2d 25 (1956).
Stonegate and Empire argue that, because Gaudio had a duty to all foreseeable third parties and, because Gaudio failed to perform that duty with reasonable care, then it is directly liable to plaintiff Margery Bowen and may be liable for apportionment.
Stonegate and Empire's argument conforms to the line of cases where it was found that apportionment is proper where a landowner seeks to apportion a snow removal contractor. Those cases relied on a line of construction cases, which recognizes that a "contractor can be held liable [to a third party] for his negligence. . . ." Minton v. Krish,34 Conn. App. 361, 365-66, 642 A.2d 18 (1994). Additionally, "[i]t is now the almost universal rule that the [independent] contractor is liable to all those who may foreseeably be injured . . . when the work is negligently done." (Internal quotation marks omitted.) Zapata v. Burns,207 Conn. 496, 517, 542 A.2d 700 (1988). It is also generally recognized that where a landowner "employs an independent contractor to perform work on [the premises] . . . the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work."Darling v. Burrone Bros., Inc., 162 Conn. 187, 196, 292 A.2d 912 (1972). Relying on this authority, the court in Gulisano v. National Amusements, supra, 25 Conn.L.Rptr. 203, permitted the apportionment of a snow removal contractor, holding that a person "who contracts with the owner of commercial premises to keep a parking lot free of ice and snow should reasonably foresee that failure to properly do so would likely subject persons using that parking lot to physical injury." Id., 203-04; see alsoDowd v. Jack, supra, Superior Court, Docket No. 323612 ("[b]ecause [an independent contractor] . . . may be liable to the plaintiff for negligence, an apportionment complaint may be brought against him pursuant to . . . § 52-102b").
Thus, while a plaintiff may, in fact, have a cause of action against an independent contractor, premises liability law provides that landowners have a nondelegable duty to keep their premises clear from dangerous conditions that may cause injury to a third party. See Wood v. ChaletSusse International, supra, 14 Conn.L.Rptr. 187; D. Wright, J. FitzGerald W. Ankerman, supra, § 67, p. 178.
This court elects to follow the reasoning of those Superior Court cases which hold that "the negligence of the contractor is the negligence of the property possessors," and in such situations, "[t]he law imposes joint and identical responsibility for the same identical act of CT Page 326 negligence." (Emphasis omitted.) Hamilton v. Circle Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 065103 (November 30, 1998, Sullivan, J.) (23 Conn.L.Rptr. 203, 204). This joint liability on the part of both the landowner and the independent contractor makes apportionment inappropriate. See Currier v. FieldstoneVillage, supra, Superior Court, Docket No. 069258 ("The negligence of the [landowner and of the contractor] . . . are exactly the same in fact and in law . . . The [negligent] act . . . is identical, indivisible, and hence incapable of being apportioned."); Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255 ("[s]ince there are not separate acts of negligence by the principal and the agent, there is nothing to apportion").[4]
This court follows the line of Superior Court cases which find that, because the snow removal contractor is an agent of the owner whose duty to keep the premises safe is nondelegable, Stonegate may not apportion liability to the snow removal contractor.
 C. Whether Empire, as manager of the property, has a nondelegable duty to keep the premises safe 
Even if it is determined that the apportionment complaint is improper as to the landowner, the final issue to address is whether Empire can apportion liability to Gaudio because Empire is not a landowner, as defined by state law. Stonegate and Empire argue that, while a landowner or possessor may be barred from apportioning a snow removal contractor based on a nondelegable duty, such a duty is not extended to property managers like Empire.
While there is no applicable ease law on the issue of whether a property manager such as Empire should be considered as a landowner for purposes of apportionment under § 52-102b, courts have found that a "party in possession and control of [the] premises has a nondelegable duty to persons injured on those premises. . . ." Lanzi v. The Great Atlanticand Pacific Tea Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050551 (September 10, 1999, Corradino, J.) (25 Conn.L.Rptr. 342, 343). The court in Lanzi recognized that a possessor is not necessarily the owner, but, rather the person who is "in a position of control and is best able to prevent harm." Id., 343, quoting D. Wright, J. FitzGerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 46, p. 108); see also Mack v. Clinch, 166 Conn. 295, 296,348 A.2d 669 (1974)
If only landowners and possessors of land owe a nondelegable duty to invitees, thus barring apportionment under § 52-102b, and possession and control are the two defining factors as to whether Empire is CT Page 327 considered a "possessor of land," Empire's role in the management of Stonegate Condominiums must be closely examined. Stonegate and Empire maintain that Empire does not own any portion of the premises and assert that Empire is merely a contractor seeking to apportion a subcontractor. To support their argument, Stonegate and Empire cite Ramos v. WaterburyHousing Authority, Superior Court, judicial district of Waterbury, Docket No. 146687 (July 8, 1999, Pellegrino, J.) Ramos can be distinguished, however, because the court in that case allowed apportionment between a contractor and subcontractor because it was "clear that [the contractor] . . . is neither the owner of the premises nor was it in control of the premises and therefore it could not have a nondelegable duty that would preclude liability as to the [subcontractor]. . . ." Id. In the second count of her complaint, the plaintiff alleges that Empire operated, managed, maintained and controlled the property. Under Ramos, therefore, Empire would be unable to apportion liability to Gaudio because it owed a nondelegable duty Bowen.
In determining whether Empire owes a nondelegable duty to an invitee so as to bar apportionment, it is necessary to examine the extent of Empire's control over the premises. In their apportionment complaint, Stonegate and Empire do not allege their legal relationship with respect to the property. In plaintiff Margery Bowen's complaint, however, it is alleged that Stonegate is the owner of the property and Empire operated, managed, maintained and controlled the property. In light of this the court finds that the operator and manager of real property, Empire, owed a nondelegable duty as to which liability, if any, is not apportionable.
 CONCLUSION AND ORDERS 
For the foregoing reasons and upon the foregoing authorities, the court enters the following Orders:
 1] Plaintiff Margery Bowen's Motion to Strike the Apportionment Complaint of Defendants Stonegate Condominium Association and Empire Management is granted.
 2] Defendant Mike Gaudio's Motion to Strike the Apportionment Complaint of defendants Stonegate Condominium Association and Empire Management is granted.
Clarance J. Jones, Judge.